IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHITE OAK INDUSTRIES INC., | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) **JURY TRIAL DEMANDED** |
| CASTER CONNECTION, INC. | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff White Oak Industries Inc. ("White Oak"), for its Complaint for Patent Infringement against Caster Connection, Inc. ("Caster Connection"), alleges as follows:

## PARTIES

1. Plaintiff White Oak is a corporation organized under the laws of the state of South Dakota with its principal place in North Carolina. White Oak is authorized to do business in North Carolina under the name White Oak Industries Holding Inc.

2. On information and belief, Defendant Caster Connection is an Ohio corporation with its principal place of business at 2380 International Street, Columbus, Ohio 43228.

3. On information and belief, Defendant Caster Connection is engaged in the design, manufacture, sale within the United States, offering for sale in the United States, use within the United States, importation into the United States, and/or sale after importation into the United

907367v3

States of casters, and components thereof. On information and belief, Defendant Caster Connection markets and sells these casters worldwide through their channel business partners and various retailers including company websites.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendant Caster Connection is subject to personal jurisdiction in the Middle District of North Carolina (the "District"), consistent with the principles of due process and the North Carolina Long Arm Statute, because Defendant Caster Connection offers its products for sale in this District, has transacted business in this District, has committed and/or induced acts of patent infringement in this District, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FACTUAL ALLEGATIONS

8. White Oak is the owner of all right, title, and interest in U.S. Patent No. 9,162,527 (the "'527 Patent"), which Defendant Caster Connection is infringing and/or inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more inventions claimed in the '527 Patent.

907367v3

9.  Defendant Caster Connection has profited through infringement of the '527 Patent. As a result of Defendant Caster Connection's unlawful infringement of the '527 Patent, White Oak has suffered and will continue to suffer damages. White Oak is entitled to recover from Defendant Caster Connection the damages suffered by White Oak as a result of Defendant Caster Connection's unlawful acts.

10. On information and belief, Defendant Caster Connection's infringement of the '527 Patent is willful and deliberate, entitling Caster Connection to enhanced damages.

11. On information and belief, Defendant Caster Connection intends to continue its unlawful infringing activity, and White Oak continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activity unless Defendant Caster Connection is enjoined by this Court.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,162,527

12. White Oak realleges and incorporates by reference the allegations set forth in paragraphs 1-11.

13. White Oak is the owner of all right, title and interest in the '527 Patent, entitled "Mechanically Interlocked Wheel," duly and properly issued by the U.S. Patent and Trademark Office on October 20, 2015. A copy of the '527 Patent is attached as Exhibit A.

14. The '527 Patent is valid and enforceable.

15. Defendant Caster Connection has been and/or is directly infringing and/or inducing infringement of and/or contributorily infringing the '527 Patent, either literally or under the Doctrine of Equivalents, by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by

907367v3

one or more of at least claims 1, 9 and 11 of the '572 Patent, including, by way of example and not limitation, the CC Apex wheel, variants of the CC Apex wheel and/or other casters that embody the patented invention under the '527 Patent, and Defendant Caster Connection will continue doing so unless enjoined by this Court.

16. Defendant Caster Connection has had knowledge and notice of the '527 Patent, as well as of its own infringement of the '527 Patent since at least October 20, 2015, the '527 Patent's publication date, and by virtue of the present Complaint.

17. Defendant Caster Connection's infringement of the '527 Patent has been and continues to be willful.

18. Defendant Caster Connection's infringement of the '527 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

19. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, White Oak respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, White Oak respectfully prays for relief as follows:

1. For a judgment declaring that Defendant Caster Connection has infringed the '527 Patent;

2. For a judgment awarding White Oak compensatory damages as a result of Defendant Caster Connection's infringement of the '527 Patent, together with interest and costs, and in no event less than a reasonable royalty, and that such damages be determined by a jury;

3. For a judgement providing White Oak an accounting, if necessary, to compensate it adequately for Defendant Caster Connection's infringement;

907367v3

4. For a judgment declaring that Defendant Caster Connection's infringement of the '527 Patent has been willful and deliberate;

5. For a judgment awarding White Oak treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the '527 Patent;

6. For a judgment declaring that this case is exceptional and awarding White Oak its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

7. For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant Caster Connection from further acts of infringement; and

8. For such other and further relief as the Court deems just and proper.

This the 30th day of November, 2015.

/s/Jeffrey S. Southerland
Jeffrey S. Southerland
N.C. State Bar No. 34221
jsoutherland@tuggleduggins.com
Alan B. Felts
N.C. State Bar No. 42826
afelts@tuggleduggins.com
*Attorneys for Plaintiff White Oak Industries Inc.*

OF COUNSEL:

TUGGLE DUGGINS P.A.
100 N. Greene Street, Suite 600
Greensboro, NC 27401
Telephone: (336) 378-1431
Facsimile: (336) 274-6590

907367v3